UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

HEIDI RIVAS,

    Plaintiff,

    v.

WASHINGTON METROPOLITAN AREA
TRANSIT AUTHORITY,

    Defendant.

Civil Action No. TDC-19-2192

**MEMORANDUM ORDER**

Plaintiff Heidi Rivas has filed suit against her former employer Defendant Washington Metropolitan Area Transit Authority ("WMATA") asserting a claim of disability discrimination in violation of the Rehabilitation Act, 29 U.S.C. §§ 701–96l (2018), based on WMATA's alleged failure, after she suffered a workplace injury, to reassign her to positions for which she was qualified and on WMATA's ultimate termination of her employment. WMATA has filed a Motion to Dismiss for Improper Venue under Federal Rule of Civil Procedure 12(b)(3). Rivas opposes the Motion.

On a Rule 12(b)(3) motion, a plaintiff is "obliged … to make only a prima facie showing of proper venue" in order to prevail. *Aggarao v. MOL Ship Mgmt. Co., Ltd.*, 675 F.3d 355, 366 (4th Cir. 2012). In determining whether this *prima facie* showing has been made, the court must "view the facts in the light most favorable to the plaintiff." *Id.* The court may also consider evidence outside the pleadings. *Id.* at 365–66.

Claims of disability discrimination under the Rehabilitation Act are governed by the venue provisions of the Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e–

2000e-17 (2018).  *See* 29 U.S.C. § 794a(a)(1) (stating, in relevant part, that the procedures set forth in Title VII apply to complaints of employment discrimination under the Rehabilitation Act).  Title VII provides that an employment discrimination claim may be brought "in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice."  42 U.S.C. § 2000e-5(f)(3).

Here, prior to her disability, Rivas worked for WMATA in Alexandria, Virginia.  WMATA provides unchallenged evidence that the relevant employment records are located in Washington D.C., and that all employment decisions, including the decision to terminate Rivas, were made in Washington, D.C.

Rivas, however, argues that venue in Maryland is proper because in seeking an alternative assignment to accommodate her disability, she applied for a WMATA position as a Police Communications Specialist based in Landover, Maryland.  Although WMATA has submitted an affidavit from a WMATA Senior Human Resources Reporting Analyst stating that WMATA has no record of Rivas applying for that position, Holiman Decl. ¶ 3-6, Mot. Ex. 1, ECF No. 16-1, Rivas has countered by submitting a copy of an email exchange in November 2016 that she had with a WMATA official with the subject line "Police Communication Specialist Position" and in which Rivas states that she is submitting her resume and cover letter "for the above listed position."  Opp'n Ex. 1 at 1-2, ECF No. 17-1.  The WMATA official responded by acknowledging receipt of the application and stating that she would "send it on directly."  *Id.*  Rivas has also submitted  a copy of WMATA's Internal Job Listings which lists an opening for a Police Communication

2

Specialist I at WMATA's Carmen Turner Facility, located in Maryland, with a deadline for applications of December 29, 2016.

Although the evidence relating to Rivas's application for this position is contradictory, because the Court must view the evidence in the light most favorable to Rivas, the Court must resolve that contradiction in her favor. *Aggarao*, 675 F.3d at 366. Thus, based on the email exchange and the WMATA job posting, the Court concludes that Rivas has made a *prima facie* showing that venue is proper in the District of Maryland. because that evidence supports a finding that this District is where Rivas would have worked but for WMATA's alleged unlawful employment practice. 42 U.S.C. § 2000e-5(f)(3); *Aggarao*, 675 F.3d at 366.

Accordingly, it is hereby ORDERED that WMATA's Motion to Dismiss for Improper Venue, ECF No. 16, is DENIED.

Date: July 13, 2020            /s/ *Theodore D. Chuang*
                                              THEODORE D. CHUANG
                                              United States District Judge